THE INHABITANTS OF OAKHAM *vs.* THE INHABITANTS OF RUTLAND.

A mortgagor, occupying the estate by leave of a lessee for years of the mortgagee, who has entered for condition broken, has no estate of inheritance or freehold in the premises, and cannot, by such occupation, acquire a settlement under the fourth method in the Rev. Sts. *c.* 45, § 1.

A certificate of the entry and possession of mortgaged premises by the mortgagee, for the purpose of foreclosure, is made evidence of such entry by the **Rev. Sts.** *c.* 107, § 2; and the effect of it cannot be avoided by proof that the mortgagee did not actually go upon the land.

THIS action, which was assumpsit for the support of certain paupers named in the writ, was submitted to the court upon an agreed statement of facts.

The pauper, Perley Clark, in April, 1842, purchased and took possession of an estate in Oakham, which was then subject to a mortgage from a former owner to Isaac Southgate, to secure the payment of the sum of $600. In October, 1843, Clark made a certificate* on the mortgage deed, that the mortgagee had taken quiet and peaceable possession of the estate therein mentioned, for condition broken and in order to foreclose the mortgage, but no formal entry was made on the land by the mortgagee. At the time the mortgagee took possession, as above, he offered to give Clark a lease of the premises, if he would furnish security for the rent, which was fixed at $36 a year, being the interest on the money secured by the mortgage. Clark, being unable to procure a surety for the rent, made an arrangement with his son Elam, that the latter should take the lease; that Clark, with his wife, should continue to live upon the place, and keep a cow thereon, and till as much of the land as he might

---

* The following is a copy of this certificate : —

"I, Perley Clark, owning and living on the within-named premises, do hereby give and grant to Isaac Southgate, the within-named mortgagee, quiet and peaceable possession of the estate described in the within mortgage deed, for *consideration* broken, and in order to foreclose the same. Witness my hand, this 17th day of October, 1843. Perley Clark. Witness, Orlando Russell."

think proper; and that the use of the estate, other than this, should belong to the son, who should pay the rent.

The mortgagee acceded to this arrangement, and gave the lease accordingly. If admissible in evidence, it would appear from the testimony of the mortgagee, that his object in making the lease was to obtain the interest due on the mortgage, annually, and to effect a foreclosure at the expiration of three years.

Perley Clark, with his wife and son Elam, continued to live upon the estate, according to the arrangement above mentioned, which was merely a verbal agreement, the father keeping his cow on the place, and cultivating a small portion of the land, until the expiration of three years from the time he purchased and began to occupy the estate. The first application of Perley Clark, for relief as a pauper, was in July, 1846.

If, in the opinion of the court, upon such of the foregoing facts as are admissible in evidence, Perley Clark acquired a settlement in Oakham by the purchase and occupation of the estate above mentioned, the plaintiffs are to become nonsuit; otherwise the defendants are to be defaulted.

This case was argued at the last October term.

*B. F. Thomas*, for the plaintiffs.

*C. Allen*, for the defendants.

SHAW, C. J. The pauper did not acquire a settlement in Oakham. To obtain a settlement in the fourth mode, the person must have an estate of inheritance or freehold, in some town, and live on the same three years successively. Here, by the entry to foreclose by the mortgagee, he taking actual possession, and afterwards receiving the rents and profits, the pauper ceased to hold the estate as a freehold. Such an entry to foreclose is considered to many purposes as an eviction, and as the commencement of a new title. *Goodwin* v. *Richardson*, 11 Mass. 469; *Ballard* v. *Carter*, 5 Pick. 112; *Tufts* v. *Adams*, 8 Pick. 547.

The mortgagee, after such entry, took the rents and profits to his own use, subject only to account for the same, in case of redemption. Some of the cases state, that a right of

redemption is an estate of inheritance.  True, to some purposes, it is ; and before entry to foreclose, it has all the characteristics of a freehold.  But, after an entry to foreclose, the mortgagee retaining possession and taking the rents and profits, it is not an estate of inheritance, on which the owner can live as on his freehold, and therefore not within the statute.  A remainder or reversion is real estate, descendible ; but we doubt whether it would be an estate within the statute, because, although the owner might *de facto* live on it, as a lodger or servant, it would not be by right, as on his own freehold.  So, here, though the pauper lived on the estate, it was not in right of his freehold, but by permission of a lessee of the mortgagee.  And this distinguishes the case from that of *Mount Washington* v. *Clarksburg*, 19 Pick. 294.  There, hough the mortgagee had obtained judgment, he had never entered ; and the pauper occupied the estate, as of right, as his own freehold, not accountable to any body for rents and profits.

The certificate indorsed on the mortgage deed, signed by the mortgagor, stating that the mortgagee had entered for condition broken, duly recorded, is made evidence by the statute (Rev. Sts. *c.* 107, § 2), fixing the time of the mortgagee's entry to foreclose ; and it is not competent for the defendants to avoid the effect of it, by proof, that he did not actually go upon the land.          *Defendants defaulted.*